Newman, J.
In an action against the owner by one who is bitten by a dog, it is necessary, under the rule of the common law, to aver and prove knowledge, on the part of the owner, of the vicious propensities of his dog. The gist of the action is the keeping of the dog in a negligent manner after knowledge of his vicious propensities. Hayes v. Smith, 62 Ohio St., 161.
It is to be observed that m the case before us there is no averment in the petition fhat the dog was vicious or that the owner had knowledge of his vicious propensities, or, having such knowledge, he kept the dog in a negligent manner. There is a formal charge of negligence in the petition, but there is no averment of scienter, and in the absence of such an averment the pleader does not conform to the rule prescribed by common law.
The right of action, then, must have been predicated upon the statute in force at the time the injuries were received.
Section 4212-2, Revised Statutes, the provisions of which section are now in Sections 5838 and 5839, General Code, was as follows:
“Any animal of the dog kind that chases, worries, injures, or kills any sheep, lamb, goat, kid, domestic fowl, animal or person, may be killed by any person, at any time or place. And the owner, owners or harborers of any animal of the dog kind 'that' chases, worries, injures, or kills any sheep, *65 lamb, goat, kid, animal or person, shall be jointly and severally liable to any person so damaged to the full amount of the injury done; and the court or'justice, before whom the recovery is had for any such injury shall declare the animal found to have occasioned the injury to be a common nuisance and order the defendant to kill or cause to be killed such animal within twenty-four hours after the rendition of the judgment; or the court or justice may order any constable or marshal or sheriff to kill such animal.”
In the prayer of the petition, defendant in error asked that the court order the dog to be killed according to law, and in the trial of the cause the action was treated by defendant in error himself as a statutory one, for the- special charges requested by him and given by the court clearly indicate that he was relying upon the statute — he asked the court to charge before argument, and the court did charge, that the mere ownership of a dog which inflicted an injury rendered the owner liable and that knowledge of its vicious propensities was unnecessary — and the court, in its general charge, took the same view of the matter when it charged that the only two questions for determination were whether plaintiff was bitten by the dog owned by the defendant, and, if so, what was the amount of the damages.
The question, then, for our determination is whether this was a case for exemplary or punitive damages. The court charged that in considering the question of damages the jury was to take into consideration the evidence - tending to show that the dog had, prior to the time of the alleged biting *66 of plaintiff, bitten any other person or persons, and that knowledge of this came to the defendant prior to the time when the plaintiff alleged he was bitten, as matters in aggravation or increasing plaintiff’s damages. The court further charged that if the evidence showed that state of facts, the jury ■would be warranted in adding to the damages which plaintiff might ordinarily be entitled to recover additional damages, because the conduct of the defendant under such circumstances would aggravate or tend to increase the damages of the plaintiff.
The statute which we have quoted is in derogation of the common law, in that it dispenses with scienter. The court cannot read into it anything that does not come within the clear meaning of the language used, and the statute should not be given force beyond its plain terms. It is provided that the owner of the dog which inflicts the injury shall be liable to the person damaged to the full amount of the injury done. If it had been intended that the injured party should have the right to recover exemplary or punitive damages, or any damages other than actual damages, the legislature would have made such a provision.
The statute imposes an absolute liability on the owner of the dog, and the averment and proof of scienter are unnecessary. The owner is liable regardless of his conduct in the keeping of the dog. Under the statute, the conduct of his property renders him liable, and his own negligence in the matter is wholly immaterial.
The general rule is that in private actions the injured party is to be made whole. . There are *67 cases, however, in which there can be a recovery of more than the damages actually sustained by the injured party. In United Power Co. v. Matheny, 81 Ohio St., 204, the court refers to the doctrine announced in Roberts v. Mason, 10 Ohio St., 277, and say that it is the settled law in Ohio that in cases involving the elements of fraud, malice or insult, the jury may award exemplary or punitive damages in addition to damages merely compensatory. But in the case at bar, none of these elements were pleaded, nor was there an averment that there was wilfulness, wantonness or recklessness on the part of the owner. The right of recovery was based upon the provisions of Section 4212-2. The liability of the plaintiff in error was imposed upon him by reason of his ownership of the dog, and the damages recoverable were the full amount of the injury done — actual damage sustained — and the trial court erred in permitting the recovery of punitive, or exemplary damages, designated additional damages in its charge.
The trial court should have limited the inquiry to the ownership of the dog, the injury inflicted and the actual damages sustained, and the admission of evidence tending to show that the dog in question had bitten another person prior to the time of the alleged biting of defendant in error and that plaintiff in error had knowledge thereof' was inadmissible, as it did not relate to any issue made in the case.
One of the controlling questions in the case was the question of damages. The jury was misdirected in reference to this, as the court erred' in charging that defendant in error herein could re *68 cover exemplary or punitive damages, and inasmuch as it does not appear affirmatively that punitive or exemplary damages were not included in the verdict, we think the error in the charge was prejudicial, and for this error and for error in the admission of the evidence to which we have referred, the judgments of the lower courts are reversed and the cause remanded to the common pleas court for a new trial.

Judgments of circuit and common pleas courts reversed.

Shauck, Johnson, Donahue, Wanamaker and Wilkin, JJ., concur.